United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHERYL HAWTHORNE,
Plaintiff,
v.
COMMISSIONER OF SOCIAL SECURITY,
Defendant.

Case No. 26-cv-00177-RS

**ORDER REMANDING FOR FURTHER PROCEEDINGS**

Cheryl Hawthorne appeals the decision of an ALJ denying her request for social security benefits during the closed period spanning from July 19, 2012, until February 16, 2017. She requests remand for an immediate award of benefits. As the Commissioner concedes, the ALJ erred by failing to consider the testimony of Dr. Miller, a medical expert. However, because outstanding factual issues would remain even after consideration of Dr. Miller's testimony, the case is remanded for further proceedings.

## I. BACKGROUND

Cheryl Hawthorne first became injured in 2008, when she suffered a fall at work. AR 52–53. She continued working as an administrative assistant until 2012, when she was let go because she needed too many accommodations. AR 52–53. She has not since returned to work. AR 1213–15.

Hawthorne applied for disability benefits on February 10, 2014, alleging that she suffered from a back impairment, shoulder impairment, arthritis, depression, and stress. AR 1880. Her

request was denied at the initial and reconsideration levels and was ultimately denied by an ALJ in February 2017. AR 926. She appealed to the Appeals Council and was denied review in December 2017. AR 934. She sought review in the district court, which remanded her case for further administrative proceedings in June 2019. AR 963.

After the Appeals Council remanded the claim pursuant to the district court's order, the ALJ once again found Hawthorne not disabled during the relevant period. AR 978, 839–48. The district court denied Hawthorne's subsequent appeal. AR 1945. On appeal of that decision, however, the parties filed a joint motion to remand for further administrative proceedings, which the Ninth Circuit granted. AR 1945.

The ALJ held a hearing in August 2025. AR 1872, 1896. Hawthorne testified, as did two medical experts: Dr. Frank Myers and Dr. Linda Miller. AR 1875. The ALJ ultimately concluded Hawthorne had the residual functional capacity to perform light work with various limitations. In making that determination, the ALJ gave partial weight to Dr. Myers' opinion, finding that "his limitations are not fully consistent with the treatment record." AR 1883. He also gave partial or little weight to several examining doctors. AR 1880–84.

He, however, did not discuss the medical opinion of Dr. Miller. She determined Hawthorne would be limited to simple and repetitive tasks where there was no strict time requirement, no collaboration, and only moderate noise due to her irritability. AR 877. Dr. Miller also concluded Hawthorne would need a twenty-minute break about every two hours throughout the day based on her low stress tolerance, major depressive disorder, and the effects of chronic pain on her nervous system. AR 878. She noted people with chronic pain can become fatigued, especially when combined with major depressive disorder, and therefore concluded Hawthorne may require more frequent breaks after mid-afternoon. AR 883.

On September 9, 2025, the ALJ denied Hawthorne's application for disability and disability insurance benefits for the relevant period based on a determination she was not disabled under sections 216(i) and 223(d) of the Social Security Act (SSA). AR 1886. The ALJ also denied the application for supplemental social security income for the relevant period based on a

United States District Court
Northern District of California

determination Hawthorne was not disabled under section 1614(a)(3)(A) of the SSA. AR 1886. Hawthorne brings this appeal pursuant to 42 U.S.C.§§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner denying her applications for disability benefits under Titles II and XVI of the SSA.

## II. DISCUSSION

The Commissioner concedes the ALJ omitted discussion of Dr. Miller's opinion in his decision, which requires remand at a minimum. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) ("Th[e] court may set aside the Commissioner's denial of disability insurance benefits when the findings are based on legal error"). The question is whether remand for further proceedings is necessary or if Hawthorne qualifies for an immediate award of benefits.

"If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded" for further proceedings. *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). If, however, "the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). An immediate award of benefits is appropriate only if "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Id*. Even if all three requirements are met, the court retains "flexibility" in determining the appropriate remedy. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). The Commissioner's concession that the ALJ failed to account for Dr. Miller's testimony satisfies the first prong of the test.

However, remand for an award of benefits is not appropriate because there remains outstanding issues that must be resolved before a determination of disability can be made. Outstanding issues exist unless "the record as a whole is free from conflicts, ambiguities, or gaps, . . . all factual issues have been resolved, and . . . the claimant's entitlement to benefits is clear under the applicable legal rules." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103–

04 (9th Cir. 2014). Here, the record is inconclusive regarding whether Hawthorne could sit and/or stand and walk for a sufficient amount of time each day without needing excessive breaks to sustain employment. The ALJ was ultimately persuaded that Hawthorne could sit for six hours and stand or walk for hours in an eight-hour workday, but Dr. Miller's (undiscussed) testimony contradicts that conclusion. As noted, she testified that Hawthorne would struggle to work a normal workday because her chronic pain would require more frequent breaks than are permitted in a standard 40-hour workweek. AR 877–78. Resolving this factual conflict is essential to making a disability determination.

Hawthorne argues that the ALJ also erred by discounting her testimony as well as the testimony of Dr. Myers and Dr. Cohen. Regardless of whether those arguments have merit, there would remain a factual conflict in the record regarding Hawthorne's ability to sustain employment. Dr. Packer and Dr. Amon both determined that Hawthorne had the ability to sit for six hours and stand or walk for four hours in an eight-hour workday, which according to the vocational expert would permit her to work. AR 1880–83; 1919. There is, therefore, no need to decide whether the ALJ's decision to afford less than full credit to some of the witnesses' testimony was supported by substantial evidence.

Finally, Hawthorne is incorrect in suggesting that the agency's decision to find her disabled in a closed period immediately following the period at issue in this case constitutes a concession that she ought to have been found disabled in this case. Hawthorne testified her symptoms progressed as she got older, AR 892, and the disability requirements became easier to satisfy as she progressed into the next age category. Programs Operations Procedural Manual (POMS) DI 25025.035, § 202.01–08.

## III. CONCLUSION

For the foregoing reasons, this case is remanded for further proceedings.

**IT IS SO ORDERED**.



United States District Court
Northern District of California

Dated: August 26, 2026

RICHARD SEEBORG
United States District Judge

United States District Court
Northern District of California